Clyde R. CHURCH and Mrs. Rosie M. Church, Plaintiffs-Appellants,

v.

Aldon COCHRAN, Defendant-Appellee.

No. 72–3046.

United States Court of Appeals, Fifth Circuit.

June 20, 1973.

Rehearing Denied July 12, 1973.

C. James Jessee, Jr., Earnest H. De-Long, Jr., Atlanta, Ga., for plaintiffs-appellants.

Warner S. Currie, J. Alexander Porter, Atlanta, Ga., for defendant-appellee.

Before BELL, GOLDBERG and SIMPSON, Circuit Judges.

PER CURIAM:

Plaintiff, Clyde R. Church, brought this diversity suit against defendant, Aldon Cochran, for damages suffered when defendant's automobile allegedly struck plaintiff while he was walking in an A & P parking lot in McCaysville, Georgia. Following a full trial, the jury found for the defendant. Plaintiff appeals on several grounds. We affirm.

We have reviewed the record and we find that although the evidence was conflicting there was sufficient evidence to support the verdict and therefore it was not error for the district court to refuse to set aside the verdict and grant a new trial. *See* Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365. The trial court charge—which instructed that the traffic signs and customs in the parking lot could be considered and that both the driver and the pedestrian owed each other a duty of care—adequately apprised the jury of what appears to be a somewhat unsettled area of Georgia law. Plaintiff's contention that the district court should have charged that the driver owed the pedestrian a greater duty of care rather than that they simply both owed a duty is not squarely

supported by the former cases and we believe that the charge as a whole, particularly that part which permitted the jury to consider the customary traffic pattern of the lot, was clear enough that had the jury believed the plaintiff or disbelieved the defendant (who claimed, *inter alia*, that he wasn't sure he even struck the plaintiff), the verdict would have so reflected.

Finally, we find that the court properly excluded the defendant's remark at the scene of the accident to the effect that he was covered by insurance. The remark is hardly an admission of negligence and the potential prejudice flowing from the admission to the jury of such a statement far outweighs whatever probative value, if any, it might have.

Affirmed.